IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tara Brivic | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO._____ |
| | § | JURY DEMANDED |
| Nestle USA, Inc. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tara Brivic files this Original Complaint complaining of Nestle USA, Inc. and states the following:

### I. PARTIES

1. Plaintiff Tara Brivic is an individual residing in Houston, Harris County, Texas which is located within the Southern District of Texas, Houston Division.

2. Defendant Nestle USA, Inc. ("Nestle" or "Defendant") is a domestic corporation authorized to do business in Texas and doing business in the Southern District of Texas, Houston Division. Nestle can be served with process through its registered agent, CT Corporation, at 350 N. St. Paul, Suite 2900, Dallas, Dallas County, Texas.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of the claims asserted in this cause under diversity jurisdiction pursuant to 28 U.S.C. §1332 and the amount in controversy is in excess of $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Nestle is authorized to do business in Texas and do business in the Southern District of Texas.

1

Furthermore, a substantial part of the events or omissions giving rise to the claims in this suit took place in the Southern District of Texas.

### III.  FACTUAL BACKGROUND

5. Nestle owns, manufactures, and markets a brand of frozen dinner called Lean Cuisine.

6. On Sunday, April 21, 2013, Tara purchased a Lean Cuisine Mushroom Mezzaluna Ravioli dinner from a grocery store.

7. On April 22, 2013, after preparing it for lunch, Tara bit into a large rock while eating the ravioli. The bite broke her tooth and Tara required oral surgery. Within hours of the bite, Tara was put under anesthesia, as an oral surgeon had to cut open her gum and jawbone in order to remove the remaining root of the tooth and to graft new bone.

8. Tara is still not fully recovered from the injury caused by Nestle.  Tara will require a second surgery to finish the reconstruction of her injured mouth. From the date of her injury, post-operative care will last at least one year, including treatment from a restorative dentist for the final restoration of the implant.

### IV.  CAUSES OF ACTION

*Strict Liability*

9. Plaintiff incorporates by reference all paragraphs above.

10. At all times, Nestle was in the business of manufacturing and/or selling Lean Cuisine Mushroom Mezzaluna Ravioli (hereinafter "product").

11. There was a manufacturing defect in the product at the time it left Nestle's possession.  The product was defective because it contained a rock in its food.

12. The presence of a rock was a condition of the product that rendered it unreasonably dangerous.

13. The manufacturing defect was a proximate and producing cause of Plaintiff's resulting injury and damages.

14. Nestle is therefore strictly liable for manufacturing and selling defective and unreasonably dangerous product and introducing that product into the stream of commerce.

### *Strict Liability – Marketing Defect*

15. Plaintiff herein incorporates by reference all paragraphs above.

16. At all times, Nestle was in the business of marketing product.

17. There was a marketing defect in the product at the time it left Nestle's possession.

18. The product was defective because it contained a rock in its food and Nestle failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known.  Nestle also failed to give adequate instructions to avoid such dangers.

19. Nestle's failure to provide such warnings and instructions rendered the product unreasonably dangerous.

20. The marketing defect was a proximate and producing cause of Plaintiff's resulting injury and damages.

21. Nestle is therefore strictly liable for marketing defective and unreasonably dangerous product and introducing that product into the stream of commerce.

### *Negligence and Negligence Per Se*

22. Plaintiff herein incorporates by reference all paragraphs above.

23. Nestle owed Plaintiff a duty of ordinary care in the manufacture, testing, packaging, marketing, distribution, and selling of the product in question.

24. Nestle breached its duty in one or more of the following ways:

   a. Negligently manufacturing the product;

   b. Failing to properly test the product before placing it into the stream of commerce;

   c. Failing to warn of the potentially hazardous or life-threatening conditions associated with the product;

   d. Failing to warn or instruct consumers of a known defect in the product;

   e. Failing to timely disclose post-sale information concerning the dangers associated with the product and/or recall the product;

   f. Failing to comply with all applicable laws, regulations, codes, and statutes pertaining to the manufacture, storage, distribution, and sale of product;

   g. Failing to properly train, supervise, and monitor their employees; and

   h. Failing to maintain proper manufacturing, cutting, slicing, packaging, distribution, storage, and sale conditions to ensure that the product was free from rocks in its food.

.

25. The foregoing negligent acts were a proximate and producing cause of Plaintiff's resulting injuries and damages.

26. All dangers associated with the product were reasonably foreseeable and/or scientifically discoverable by Nestle at the time Nestle released the product into the stream of commerce.

### *Implied Warranty of Merchantability*

66. Plaintiff herein incorporates by reference all paragraphs above.

67. Defendant is liable to Plaintiff for breach of the implied warranty of merchantability. TEX. BUS. & COM. CODE § 2.314.

68. Plaintiff is a consumer.

69. Nestle is a merchant who manufactures and markets product.

70. Because Nestle is a product merchant, the product at issue was sold with an implied warranty of merchantability created under § 2.314 of the Texas Business and Commerce Code.

71. Nestle breached the implied warranty of merchantability because Nestle manufactured and sold product that was not fit for its ordinary purpose and lacked something necessary to be adequate. Specifically, the product contained a rock in its food.

72. Nestle did not disclaim the implied warranty of merchantability.

73. Nestle's breach of warranty was a proximate and producing cause of Plaintiff's injuries.

74. Plaintiff suffered damages as a result of Nestle's breach of warranty.

### *Implied Warranty of Fitness for Particular Purpose*

75. Plaintiff herein incorporates by reference all paragraphs above.

76. Nestle is liable to Plaintiff for breach of the implied warranty of fitness for particular purpose. TEX. BUS. & COM. CODE § 2.315.

77. Plaintiff is a consumer.

78. Nestle is a merchant who manufactures and markets product.

79. Nestle manufactured and marketed product that contained a rock in its food.

80. Plaintiff relied on Nestle's skill and judgment when representing that the product at issue was fit for human consumption.

81. Nestle breached the implied warranty of fitness for particular purpose because Nestle manufactured and sold product that was not fit for human consumption - i.e. it contained a rock in its food.

82. Nestle did not disclaim this warranty.

83. Nestle's breach of warranty was a proximate and producing cause of Plaintiff's injuries and damages.

84. Plaintiff suffered damages as a result of Nestle's breach of warranty.

*Deceptive Trade Practices Act ("DTPA")*

85. Plaintiff herein incorporates by reference all paragraphs above.

86. Nestle violated the Texas Deceptive Trade Practices Act ("DTPA").

87. Plaintiff is a consumer.

88. Nestle is a merchant.

89. Section 17.50 (a)(2) of the Texas Business and Commerce Code provides that an individual may pursue a DTPA cause of action for breach of an implied warranty. Although the DTPA does not create any warranties, warranties recognized under Texas law are actionable under the DTPA.

90. Nestle violated the DTPA by breaching the implied warranties of merchantability and fitness for particular purpose.

91. Nestle did not disclaim either warranty.

92. Nestle's breach was a proximate and producing cause of Plaintiff's damages.

93. Plaintiff suffered damages a result of Nestle's DTPA violations.

## V. DAMAGES

94. Plaintiff herein incorporates by reference all paragraphs above.

95. As a result of the acts and omissions outlined above, Plaintiff has suffered, and will continue to suffer in the future, damages within the jurisdictional limits of this Court.

96. For Plaintiff's manufacturing defect, marketing defect, and negligence claims, Plaintiff seeks damages for past and future: pain and suffering, mental anguish, physical

impairment, physical disfigurement, lost earnings, medical, pharmaceutical and hospital expenses, loss of consortium, pre-judgment and post-judgment interest, and costs of court.

97. For Plaintiff's warranty and DTPA claims, Plaintiff seeks damages for past and future: lost earnings, property damage, medical, pharmaceutical and hospital expenses, mental anguish, loss of consortium, attorneys' fees, pre-judgment and post-judgment interest, and costs of court.

## VI.  GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

98. Defendant's conduct as described above constituted acts and/or omissions which, when viewed objectively from their standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.  Accordingly, Defendant's actions constitute gross negligence and Plaintiff seeks an award of exemplary damages.

## VII.  TREBLE DAMAGES

99. Defendant knowingly and intentionally breached the implied warranties of merchantability and fitness for particular purpose and thus violated the DTPA.  Plaintiffs are therefore entitled to treble economic damages and mental anguish damages under the DTPA.

## VIII.  ATTORNEY'S FEES

100. Because Defendant violated the DTPA, Plaintiff is entitled to recover and hereby seek attorney's fees pursuant to § 17.50(c) of the Texas Business and Commerce Code.

## IX. PRE-JUDGMENT INTEREST

101. Plaintiff also seeks pre-judgment interest at the highest rate allowable by law.

## X.  JURY DEMAND

102. Plaintiff has requested a trial by jury and has tendered the applicable fee.

## XI.  CONCLUSION

103. WHEREFORE, premises considered, Plaintiff Tara Brivic respectfully requests that this Court require Defendant to answer herein, that this case be set for trial, that a jury be duly empaneled, and that upon the trial of the case, this Court declare the rights of the parties as prayed for above, and that Plaintiff recover from Defendants the following:

    a.    Past and future actual damages;
    b.    Past and future economic damages;
    c.    Exemplary damages;
    d.    Treble damages under the DTPA;
    e.    Attorney's fees;
    f.    Court costs;
    g.    Pre-judgment interest at the highest rate allowed by law;
    h.    Post-judgment interest at the highest rate allowed by law; and
    i.    All other relief to which Plaintiffs are entitled.

Respectfully submitted,

**THE RICE FIRM**

By:    /s/ Tad Rice
        Tad Rice
        State Bar No. 24027653
        West W. Medlin
        State Bar No. 24080702
        5020 Montrose Blvd, suite 650
        Houston, Texas 77006
        (855) 292-3500 - Voice
        (832) 495-4767 - Facsimile

**ATTORNEYS FOR PLAINTIFF**